UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NORMAND FOGARTY,

      Plaintiff,

v.     CAUSE NO. 3:21-CV-683 DRL-MGG

JOHN HARVIL *et al.*,

      Defendants.

OPINION AND ORDER

Normand Fogarty, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. The court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Fogarty is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Fogarty is an inmate at Westville Correctional Facility. He alleges that in February 2020, he filed a grievance because the hallway in his unit smelled of urine and feces. At that time, he was housed in the medical dormitory, and he claims another inmate there was causing the smell due to his medical issues. He claims the smell was so bad

that correctional officers coming into the area would cover their nose and mouth, and one commented, "They don't pay me enough to put up with this." He claims the ventilation system in the medical dormitory was very poor and the only means of airing out the smell was to open a window, but during this period it was too cold outside to leave a window open. In his grievance, Mr. Fogarty claimed that the smell was making him sick and asked that it be addressed.

He claims that shortly after he filed the grievance, Westville grievance specialist John Harvil came to his cell to talk to him and was angry he had filed a grievance about this issue. Mr. Harvil allegedly threatened Mr. Fogarty that if he did not withdraw the grievance, he would designate him as a "grievance abuser," which would prohibit him from filing any new grievances for at least 30 days. Mr. Fogarty did not drop the grievance and was designated a "grievance abuser," which is intended to apply to inmates who abuse the grievance process by filing an excessive amount of frivolous grievances. He alleges that he is not a "grievance abuser," and that he only filed a few grievances in the months leading up to this incident, which all pertained to non-frivolous issues.

Mr. Fogarty's allegations are best understood as a First Amendment retaliation claim. To establish such a claim, he must allege "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citation omitted). A

2

prisoner has a First Amendment right to use the prison grievance process and cannot be punished for exercising this right. *Id.*; *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Here, Mr. Fogarty alleges that Mr. Harvil wrongfully designated him as a "grievance abuser," thereby preventing him from using the grievance process at all for at least a month. Such action could "dissuade a reasonable person from engaging in future First Amendment activity." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). Although the First Amendment doesn't protect an inmate from filing frivolous grievances, *Hale v. Scott*, 371 F.3d 917, 919 (7th Cir. 2004), giving Mr. Fogarty the inferences to which he is entitled, the court cannot conclude at the pleading stage that his grievance about the smell was frivolous. He alleges, and the court must accept as true, that the smell was so strong it was making him feel ill, and that even correctional officers were bothered by it. As to his earlier grievances, he attaches documentation showing that he filed a total of eleven grievances between May 2019 and February 2020. They pertain to such matters as his medical care, his access to the law library, the handling of his legal mail, and his ability to access various areas of the facility due to the fact that he is in a wheelchair. Affording him all favorable inferences, the court cannot conclude at this stage that these grievances were frivolous. He will be permitted to proceed on a First Amendment retaliation claim against Mr. Harvil.

To the extent he is alleging that Mr. Harvil mishandled any of his grievances, this does not give rise to an independent constitutional claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Any such claim contained in the complaint will be dismissed.

Mr. Fogarty also names Westville Warden John Galipeau and Indiana Department of Correction (IDOC) Commissioner Robert Carter, Jr., as defendants. He does not mention them in the narrative section of his complaint, and it appears he is trying to hold them liable simply by virtue of their supervisory positions within IDOC. However, liability under 42 U.S.C. § 1983 is based on personal responsibility, and these defendants cannot be held liable for the misdeeds of other prison staff solely because they oversee operations within the IDOC. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Supervisory prison staff can be held liable for a constitutional violation if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). There is no plausible basis in the complaint to infer that these defendants were aware of Mr. Harvil's actions, that they condoned them, facilitated them, or otherwise turned a blind eye to Mr. Fogarty's First Amendment rights. He will not be permitted to proceed against these defendants.[1]

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against John Harvil in his personal capacity for money damages for violating his First Amendment rights by falsely

---

[1] It appears he may also be trying to hold these defendants liable in their "official" capacity. An official capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690 n.55 (1978). In effect, a suit against an officer of a state agency in his official capacity is a suit against the state, and the state is not a "person" that can be sued for constitutional violations under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989); *Foreman v. Wadsworth*, 844 F.3d 620, 624 n.1 (7th Cir. 2016). Additionally, the Eleventh Amendment precludes Mr. Fogarty from suing the state (or its agents in their official capacity) for damages in federal court. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019).

designating him as a "grievance abuser" in retaliation for a grievance he filed about a smell in his dormitory in February 2020;

(2) DISMISSES all other claims;

(3) DISMISSES John Galipeau and Robert Carter, Jr. as defendants;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) John Harvil at the Indiana Department of Correction and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS John Harvil to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

October 5, 2021                *s/ Damon R. Leichty*
                                             Judge, United States District Court