UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NORMAND FOGARTY,

   Plaintiff,

v.              CAUSE NO. 3:21-CV-683-DRL-MGG

JOHN HARVIL,

   Defendant.

OPINION AND ORDER

Normand Fogarty, a prisoner without a lawyer, is proceeding in this case "against John Harvil in his personal capacity for money damages for violating his First Amendment rights by falsely designating him as a 'grievance abuser' in retaliation for a grievance he filed about a smell in his dormitory in February 2020[.]" ECF 7 at 4-5. Mr. Harvil filed a motion for summary judgment, arguing Mr. Fogarty did not exhaust his administrative remedies before filing suit. ECF 31. Mr. Fogarty filed a response, and Mr. Harvil filed a reply. ECF 39, 47. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all

reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

The PLRA requires a prisoner to exhaust "such administrative remedies as are available" before bringing an action challenging prison conditions. 42 U.S.C. § 1997e(a). A suit filed before the prisoner has exhausted these remedies "must be dismissed." *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). But the PLRA's exhaustion requirement "contains one significant qualifier: the remedies must indeed be 'available' to the prisoner." *Ross v. Blake*, 578 U.S. 632, 639 (2016). This qualification has led to two paths that excuse a prisoner from the normal duty to exhaust. If a remedy is "officially on the books" but the remedy is incapable of use in practice, perhaps because the prison's grievance processes have not been maintained or are unduly difficult to navigate, then the duty to exhaust falls away. *See id.* at 643–44 (outlining three different kinds of practical unavailability). Likewise, there is no duty to exhaust if a remedy for an issue is not "officially on the books" — that is, provided for in the text of the written grievance policy — in the first place.

Mr. Harvil argues Mr. Fogarty did not exhaust his administrative remedies before filing this lawsuit because he never submitted any grievance regarding his allegation he

2

had been falsely designated as a grievance abuser. ECF 32 at 8-10. However, the grievance process lists "Decisions by Wardens to designate an offender as an abuser of the offender grievance process and, thereby, restrict the offender's access to the offender grievance process" as a non-grievable issue. ECF 31-2 at 4. Thus, because the grievance process did not allow Mr. Fogarty to submit a grievance complaining of his designation as a grievance abuser, he was not required to engage the grievance process before he turned to federal court. *See Miles v. Anton*, 42 F.4th 777, 781 (7th Cir. 2022) (holding that, where an inmate's claim is based on an action the grievance policy categorizes as non-grievable, the inmate has no available remedy to exhaust). Thus, Mr. Harvil has not met his burden to show Mr. Fogarty had an available administrative remedy to exhaust. For these reasons, the court DENIES Mr. Harvil's motion for summary judgment (ECF 31).

SO ORDERED.

November 21, 2022                              *s/ Damon R. Leichty*
                                               Judge, United States District Court