UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NORMAND FOGARTY,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN HARVIL,<br><br>  Defendant. | CAUSE NO. 3:21-CV-683-DRL |

OPINION AND ORDER

Normand Fogarty, who was a prisoner when he filed this action but has since been released from custody, is proceeding in this case "against John Harvil in his personal capacity for money damages for violating his First Amendment rights by falsely designating him as a 'grievance abuser' in retaliation for a grievance he filed about a smell in his dormitory in February 2020[.]" ECF 7 at 4-5. Mr. Harvil filed a motion for summary judgment. ECF 67. With the motion, Mr. Harvil provided Mr. Fogarty the notice required by N.D. Ind. L.R. 56-1(a)(4). ECF 67. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a response to the statement of material facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over four months ago, but Mr. Fogarty has not responded.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Mr. Harvil provides a copy of the prison's Offender Grievance Process. It allows inmates to submit grievances to resolve concerns and complaints relating to their conditions of confinement. ECF 67-2 at 1. Inmates are not allowed to abuse or misuse the grievance process by flooding the process with excessive or frivolous grievances. *Id.* at 8. If an inmate appears to be abusing the grievance process, he will be interviewed by the Grievance Specialist to determine the rationale and need to file the amount and type of grievances under consideration. *Id.* The Grievance Specialist must explain to the inmate what is considered abuse of the process and the potential ramifications. *Id.* Following the interview, the Grievance Specialist can recommend to the warden that the inmate be placed on Grievance Abuser Status. *Id.* If the warden determines the inmate is abusing the grievance process, he can place the following restrictions on the inmate:

2

> a. First Instance: No additional grievances for thirty (30) days.
>
> b. Second Instance: No additional grievances for sixty (60) days.
>
> c. Third Instance: No additional grievances for ninety (90) days.

*Id.* An inmate placed on Grievance Abuser Status can still submit emergency, Prison Rape Elimination Act, and court-remanded grievances. *Id.*

Mr. Harvil provides an affidavit. He is employed as the Grievance Specialist at Westville Correctional Facility. ECF 67-1 at 1. Mr. Fogarty's grievance history shows he has a history of filing frivolous, unfounded, and duplicative grievances, many of which are returned to him as rejected. ECF 67-1 at 4. Specifically, in October 2019, Mr. Fogarty filed ten rejected grievances. *Id.* On October 10, 2019, Mr. Harvil had a conversation with Mr. Fogarty about the grievance process, attempted to resolve any issues he had, and warned him about the possibility of being designated a grievance abuser. *Id.* At that time, Mr. Harvil did not submit a recommendation that Mr. Fogarty be placed on Grievance Abuser Status. *Id.* In late January 2020, Mr. Fogarty filed numerous grievances regarding a smell in his medical dorm. *Id.* An investigation determined the source of the smell, which was immediately resolved once discovered. *Id.* However, despite receiving the explanation the issue had been resolved and the smell was gone, Mr. Fogarty continued to submit duplicative and repetitive grievances regarding the smell. *Id.* Between January 23, 2020 and February 18, 2020, Mr. Fogarty submitted ten frivolous grievances that were returned. *Id.* On February 19, 2020, Mr. Harvil again spoke with Mr. Fogarty about the grievance abuser section of the policy and attempt to resolve any issues he had. *Id.* Mr. Fogarty repeatedly interrupted Mr. Harvil and indicated he would not stop filing

3

frivolous grievances. *Id.* Mr. Harvil then recommended to the warden that Mr. Fogarty be placed on Grievance Abuser Status, and the warden approved the designation. *Id.* at 4-5. Mr. Fogarty was designated as a grievance abuser for thirty days beginning February 24, 2020, and was unable to file any non-emergency grievances during that time. *Id.* at 5. Once those thirty days expired, Mr. Fogarty has continued to use the grievance process and fully exhaust grievances. *Id.* Mr. Fogarty has not been designated a grievance abuser at any time other than that thirty-day period beginning February 24, 2020. *Id.* Because Mr. Fogarty did not respond to Mr. Harvil's summary judgment motion, the court accepts Mr. Harvil's attestations as undisputed.

To prevail on a First Amendment retaliation claim, Mr. Fogarty must show "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotations and citation omitted). A prisoner has a First Amendment right to use the prison grievance process and cannot be punished for exercising this right. *Id.*; *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). But the First Amendment doesn't protect an inmate from filing frivolous grievances. *Hale v. Scott*, 371 F.3d 917, 919 (7th Cir. 2004). Regarding the second prong, Mr. Fogarty must provide evidence he suffered a deprivation that would "deter a person of ordinary firmness from continuing to engage in protected activity." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quoting *Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011)).

4

Here, Mr. Fogarty has provided no evidence he suffered a deprivation that would deter a person of ordinary firmness from continuing to engage in the protected activity of filing non-frivolous grievances. Specifically, the undisputed facts show Mr. Fogarty persisted in filing frivolous and duplicative grievances despite being twice warned by Mr. Harvil of the grievance abuser sections of the grievance process. Mr. Harvil then reasonably concluded Mr. Fogarty was abusing the grievance process and placed him on Grievance Abuser Status for thirty days. Once those thirty days expired, Mr. Fogarty has again been able to file and exhaust grievances and hasn't been placed on Grievance Abuser Status since. Because Mr. Harvil reasonably placed Mr. Fogarty on Grievance Abuser Status for thirty days in response to his filing of frivolous and duplicative grievances, Mr. Fogarty did not suffer any deprivation that would deter a person of ordinary firmness from continuing to file non-frivolous grievances once the restriction expired. Summary judgment is thus warranted in favor of Mr. Harvil.

For these reasons, the court:

(1) GRANTS Mr. Harvil's motion for summary judgment (ECF 67); and

(2) DIRECTS the clerk to enter judgment in favor of John Harvil and against Normand Fogarty and to close this case.

SO ORDERED.

February 13, 2024               *s/ Damon R. Leichty*
                                Judge, United States District Court